**WO**                                                                                                          SC

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dante Shon Gordon, | ) No. CV 11-8153-PCT-RCB (JFM) |
| Plaintiff, | ) **ORDER** |
| vs. | ) |
| Charles Ryan, et al., | ) |
| Defendants. | ) |

On October 6, 2011, Plaintiff Dante Shon Gordon, who was then confined in the Arizona State Prison, Cerbat Unit, in Kingman, Arizona,[1] filed a *pro se* Complaint pursuant to 42 U.S.C. § 1983 with an Application to Proceed *In Forma Pauperis*. (Doc. 1, 3.) On November 3, 2011, Plaintiff filed a notice of change of address reflecting that he had been released. (Doc. 5.) In an Order filed on December 8, 2011, the Court denied Plaintiff's *in forma pauperis* application and ordered Plaintiff to either pay the filing fee or show cause why he was unable to do so. (Doc. 7.) Because Plaintiff submitted a one page statement that was not signed under penalty of perjury and failed to provide specified information, the Court granted Plaintiff an additional 30 days in which to do so. (Doc. 10.) On March 27, 2012, Plaintiff provided the requested information and was granted leave to proceed *in forma*

---

[1] The Arizona State Prison was operated by Management and Training Corporation (MTC) for the Arizona Department of Corrections (ADC).

*pauperis*. (Doc. 11, 12.)  The case was then reassigned to the undersigned. (Doc. 13.) Because Plaintiff was a prisoner within the meaning of the Prison Litigation Reform Act (PLRA) when he commenced this case, this case is subject to the PLRA.   The Court will order Defendant Polland to answer Count I of the Complaint and will dismiss the remaining claims and Defendants without prejudice.

**I.      Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."   Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.  "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950.  Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. Id. at 1951.

1    But as the United States Court of Appeals for the Ninth Circuit has instructed, courts
2 must "continue to construe *pro se* filings liberally." Hebbe v. Pliler, 627 F.3d 338, 342 (9th
3 Cir. 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards
4 than formal pleadings drafted by lawyers.'" Id. (quoting Erickson v. Pardus, 551 U.S. 89,
5 94 (2007) (*per curiam*)).

6 **III.   Complaint**

7    Plaintiff alleges three counts for threat to safety or failure to protect and violation of
8 equal protection. He sues the Director of the Arizona Department of Corrections (ADC),
9 Charles Ryan. He also sues Cerbat Complex Administrator Darla Elliott and Cerbat
10 Assistant Deputy Warden Robert Polland. Plaintiff seeks injunctive, compensatory, and
11 punitive relief.

12    Plaintiff alleges the following facts in his Complaint: On May 31, 2010, Plaintiff was
13 one of 25 African-American inmates in the North Yard of the Cerbat Unit in front of
14 Dormitory 1. Plaintiff and the other African-American inmates were attacked by 80 to 100
15 White inmates. Four MTC officers in full riot gear stood by and watched after Polland
16 ordered them to not intervene to stop the attacks. Plaintiff was seriously injured and he
17 contends that the rioting inmates were not disciplined.

18    In a July 2, 2010 letter to Shelby Muhammad, Plaintiff's mother, Complex
19 Administrator Darla Elliott denied Muhammad's request for a full report on the incident.
20 Elliott maintained that prison staff had acted appropriately, which Plaintiff contends was an
21 attempt to hide the truth. He also contends that contrary to Elliott's statement in the letter,
22 he did not receive a neurological examination until more than a month after the incident.

23 **IV.   Failure to State a Claim**

24    To state a claim under § 1983, a plaintiff must allege facts supporting that (1) the
25 conduct about which he complains was committed by a person acting under the color of state
26 law and (2) the conduct deprived him of a federal constitutional or statutory right. Wood v.
27 Ostrander, 879 F.2d 583, 587 (9th Cir. 1989). A "'plaintiff generally must assert his own
28

TERMPSREF

- 3 -

legal rights and interests, and cannot assert the legal rights or interests of third parties.'" Mothershed v. Justices of the Supreme Court, 410 F.3d 602, 610 (9th Cir. 2005) (quoting Warth v. Seldin, 422 U.S. 490, 499 (1975)). In addition, to state a valid constitutional claim, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant. Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976).

**A.    Ryan**

Plaintiff sues Director Ryan. Although Ryan may properly be sued, Plaintiff fails to state a claim against him.

To state a claim against a defendant, "[a] plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998). For an individual to be liable in his official capacity, a plaintiff must allege that the official acted as a result of a policy, practice, or custom. See Cortez v. County of Los Angeles, 294 F.3d 1186, 1188 (9th Cir. 2001). Further, there is no *respondeat superior* liability under § 1983, so a defendant's position as the supervisor of someone who allegedly violated a plaintiff's constitutional rights does not make him liable. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). A supervisor in his individual capacity, "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor, 880 F.2d at 1045. In addition, where a defendant's only involvement in allegedly unconstitutional conduct is the denial of administrative grievances, the failure to intervene on a prisoner's behalf to remedy the alleged unconstitutional behavior does not amount to active unconstitutional behavior for purposes of § 1983. Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999); accord Mintun v. Blades, No. CV-06-139, 2008 WL 711636, at *7 (D. Idaho Mar. 14, 2008); Stocker v. Warden, No. 1:07-CV-00589, 2009 WL 981323, at *10 (E.D. Cal. Apr. 13, 2009).

TERMPSREF

- 4 -

1     Plaintiff asserts that Ryan is liable as the director of ADC for application of ADC
2  policies by MTC. He further contends that Ryan is responsible for the health and safety of
3  inmates incarcerated by or for ADC. Plaintiff predicates liability against Ryan on *respondeat*
4  *superior*. As noted above, *respondeat superior* is not a basis for liability under § 1983.
5  Plaintiff does not otherwise allege facts to support that Ryan was directly involved in any
6  constitutional violation or facts to support that Plaintiff's constitutional rights were violated
7  pursuant to a policy, custom, or practice promulgated or endorsed by Ryan. Accordingly,
8  Plaintiff fails to state a claim against Ryan and he will be dismissed.

9     **B.    Elliott**

10     Plaintiff also sues Complex Administrator Elliot for her response to a letter sent by
11  his mother. Neither the refusal to provide a report of an incident, nor alleged mis-
12  characterization of the incident in response to a letter, rise to the level of a constitutional
13  violation. Accordingly, Plaintiff fails to state a claim against Elliott and she and Count II
14  will be dismissed.

15     **C.    Count III**

16     In Count III, Plaintiff alleges that the White instigators of the racial attack on him
17  were not punished or disciplined. The Equal Protection Clause of the Fourteenth
18  Amendment provides that a state may not "deny to any person within its jurisdiction the
19  equal protection of the laws," which is essentially a direction that all persons similarly
20  situated should be treated alike. U.S. Const., amend. XIV; see City of Cleburne v. Cleburne
21  Living Ctr., Inc., 473 U.S. 432, 439 (1985). A state practice that interferes with a
22  fundamental right or that discriminates against a suspect class of individuals is subject to
23  strict scrutiny. Massachusetts Bd. of Ret. v. Murgia, 427 U.S. 307, 312 (1976); see City of
24  Cleburne, 473 U.S. at 441. Absent allegations that he is a member of a suspect class, or that
25  a fundamental right has been violated, a plaintiff must allege facts to support that he has been
26  intentionally treated differently from others who are similarly situated without a reasonable
27  basis therefor. See Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000). Conclusory

28

TERMPSREF

- 5 -

1  allegations do not suffice.  See Village of Arlington Heights v. Metropolitan Hous. Dev.
2  Corp., 429 U.S. 252, 265 (1977).

3        Plaintiff alleges that White inmates who instigated or participated in assaulting him
4  were not disciplined.  Plaintiff's allegations are conclusory.  He does not allege facts to
5  support that he ordinarily would be informed if discipline were imposed or by whom.
6  Further, he does not allege facts to support that the White inmates were treated differently
7  than non-White inmates with respect to discipline in connection with this incident based on
8  their race.  Finally, Plaintiff fails to link any Defendant to this claimed constitutional
9  violation.  For all of these reasons, he fails to state a claim in Count III.

10  **V.    Claim for Which an Answer Will be Required**

11        In Count I, Plaintiff alleges that Defendant Polland ordered officers in full riot gear
12  not to intercede to stop violent assaults on African American inmates by White inmates.
13  Plaintiff alleges that he was seriously injured as a consequence.  Plaintiff sufficiently states
14  a claim for failure to protect against Polland.

15  **VI.   Warnings**

16      **A.    Release**

17        Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release.
18  Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay
19  the balance or (2) show good cause, in writing, why he cannot.  Failure to comply may result
20  in dismissal of this action.

21      **B.    Address Changes**

22        Plaintiff must file and serve a notice of a change of address in accordance with Rule
23  83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other
24  relief with a notice of change of address.  Failure to comply may result in dismissal of this
25  action.

26      **C.    Copies**

27        Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy

28

of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

### D. Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) Counts II and III and Defendants Ryan and Elliott are **dismissed** without prejudice.

(2) Defendant Polland must answer Count I.

(3) The Clerk of Court must send Plaintiff a service packet including the Complaint (Doc. 1), this Order, and both summons and request for waiver forms for Defendant Polland.

(4) Plaintiff must complete[2] and return the service packet to the Clerk of Court within 21 days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(5) If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Complaint on a Defendant within 120 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served. Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(i).

---

[2] If a Defendant is an officer or employee of the Arizona Department of Corrections, Plaintiff must list the address of the specific institution where the officer or employee works. Service cannot be effected on an officer or employee at the Central Office of the Arizona Department of Corrections unless the officer or employee works there.

1  (6) The United States Marshal must retain the Summons, a copy of the Complaint, and a copy of this Order for future use.

(7) The United States Marshal must notify Defendants of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. The notice to Defendants must include a copy of this Order. **The Marshal must immediately file signed waivers of service of the summons. If a waiver of service of summons is returned as undeliverable or is not returned by a Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must**:

(a) personally serve copies of the Summons, Complaint, and this Order upon Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

(b) within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant. The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(8) **A Defendant who agrees to waive service of the Summons and Complaint must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

(9) Defendant must answer the Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(10) Any answer or response must state the specific Defendant by name on whose behalf it is filed. The Court may strike any answer, response, or other motion or paper that

1  does not identify the specific Defendant by name on whose behalf it is filed.

2      (12)   This matter is referred to Magistrate Judge James F. Metcalf pursuant to Rules
3  72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as authorized
4  under 28 U.S.C. § 636(b)(1).

5      DATED this 26th day of April, 2012.

*[signature]*

Robert C. Broomfield
Senior United States District Judge

TERMPSREF

- 9 -