UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

| | |
|---|---|
| Dante Shon Gordon,<br>Plaintiff<br>-vs-<br>Charles L. Ryan, et al.,<br>Defendants. | CV-11-8153-PCT-RCB (JFM)<br><br>**Report & Recommendation** |

Plaintiff has filed a First Amended Complaint (Doc. 15). The Court has the opportunity to screen the Complaint, and doing so may be dispositive of some of Plaintiff's claims.

This matter is before the undersigned on referral from the District Judge, and the determination of the undersigned is dispositive of some of Plaintiff's claims. Accordingly, the undersigned makes the following proposed findings of fact, report, and recommendation pursuant to Rule 72(b), Federal Rules of Civil Procedure, and 28 U.S.C. §28(b)(1)(B) and (C).

**Amendment** – Federal Rule of Civil Procedure 15(a)(1) permits a party to "amend its pleading once as a matter of course within…21 days after service of a responsive pleading or [motion to dismiss]." Here, Plaintiff has not previously amended, and no response has been made. Accordingly, the amendment must be allowed as a matter of course.

**Screening** - 28 U.S.C. § 1915A requires the Court to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. The Court must dismiss a complaint or portion thereof if the Plaintiff has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. *Id.* 42 U.S.C. § 1997 applies the same standard to such

complaints even if the defendants are not governmental entities, or officers or employees of a governmental entity.  *Id.*

Here, however, Plaintiff is no longer a prisoner, having been released in the interim between the filing of his original Complaint, and the instant amended pleading. That does not, however, mean that the Court must automatically allow all of the amended pleading to proceed to service.

Rather, under 28 U.S.C.A. § 1915(e), which governs IFP filings in addition to complaints filed by prisoners, a district court must dismiss an action that the court finds to be frivolous or malicious or that fails to state a claim. *See* 28 U.S.C.A. § 1915(e)(2)(B).  Here, Plaintiff has been granted *in forma pauperis* status. (*See* Order 4/4/12, Doc. 12.)  Accordingly, the Court will proceed to screen the First Amended Complaint to determine if any of the counts are subject to dismissal under 28 U.S.C. § 1915(e).

**Liberal Construction** - In screening complaints, the Court is obliged to liberally construe the Plaintiff's complaint:

> The handwritten pro se document is to be liberally construed. . . . [A] pro se complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears " 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' "

*Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (quoting *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)).

**Failure to Use Form** – Plaintiff's First Amended Complaint does not utilize the Court's form for prisoner civil rights complaints.  Local Civil Rule 3.4 only mandates the use of the forms "by incarcerated persons."  Plaintiff is no longer incarcerated.

**Original Complaint** – On October 6, 2011, Plaintiff, who was then confined in the Arizona State Prison, Cerbat Unit, in Kingman, Arizona, filed a *pro se* Complaint pursuant to 42 U.S.C. § 1983 (Doc. 1).  The Complaint stemmed from allegations:

> On May 31, 2010, Plaintiff was one of 25 African-American inmates in the North Yard of the Cerbat Unit in front of Dormitory

> 1. Plaintiff and the other African-American inmates were attacked by 80 to 100 White inmates. Four MTC officers in full riot gear stood by and watched after Polland ordered them to not intervene to stop the attacks. Plaintiff was seriously injured and he contends that the rioting inmates were not disciplined.
>
> In a July 2, 2010 letter to Shelby Muhammad, Plaintiff's mother, Complex Administrator Darla Elliott denied Muhammad's request for a full report on the incident. Elliott maintained that prison staff had acted appropriately, which Plaintiff contends was an attempt to hide the truth. He also contends that contrary to Elliott's statement in the letter, he did not receive a neurological examination until more than a month after the incident.

(Order 4/27/12, Doc. 14 at 3.)  Plaintiff alleged three counts for threat to safety or failure to protect and violation of equal protection. He sued: (1) the Director of the Arizona Department of Corrections (ADC), Charles Ryan; (2) Cerbat Complex Administrator Darla Elliott; and (3) Cerbat Assistant Deputy Warden Robert Polland.

In Count I, Plaintiff alleged that Defendant Polland ordered officers in full riot gear not to intercede to stop violent assaults on African American inmates by White inmates.  Plaintiff alleged that he was seriously injured as a consequence.

In Count II, Plaintiff sued Complex Administrator Elliot for her response to a letter sent by his mother, on the basis that the letter was a refusal to provide a report of an incident, and a mischaracterization of the incident.

In Count III, Plaintiff alleged that the instigators of the racial attack on him were not punished or disciplined.

**Original Screening Order** – On screening, the Court found that Plaintiff's Count I sufficiently stated a claim for failure to protect against Polland.  Count II and Defendant Elliot were dismissed on the basis that Count II failed to state a claim.  Count III was dismissed for failure to state a claim on the basis that the allegations were conclusory and failed to support that white inmates were treated differently than non-white inmates with respect to this incident.  Defendant Ryan was dismissed on the basis that the only claim was based upon *respondeat superior* which does not create liability under § 1983. (Order 4/27/12, Doc. 14.)

3

**First Amended Complaint** – In his First Amended Complaint, Plaintiff continues to name Defendants Ryan, Polland, and Elliot. Plaintiff adds as defendants: (1) the State of Arizona; (2) Jane Doe Ryan, wife of Charles L. Ryan; and (3) various fictitiously named defendants. The allegations of the complaint continue to focus on the May 31, 2010 altercation in the prison, and the prison officials' failure to intervene.[1] Plaintiff now asserts two claims for relief, sues the individual Defendants in their individual and official capacity, and seeks special and general damages, punitive damages, and injunctive relief in the form of a published apology.

In Count I, Plaintiff alleges that the State of Arizona (through its agent ADOC) and Defendant Ryan failed to adequately train prison officials, and developed policies and customs which allowed the uninterrupted assaults, and were aware of the threats to the safety of inmates at the Kingman prisons, and were deliberately indifferent to the serious risk of harm therefrom. Plaintiff asserts Defendants are liable under 42 U.S.C. § 1983.

In Count II, Plaintiff alleges that the complained of conduct by the defendants amounted to deliberate indifference to the risk of harm to Plaintiff. Plaintiff asserts Defendants are liable under 42 U.S.C. § 1983.

In each count, Plaintiff not only alleges violations of 42 U.S.C. § 1983 as a result of violations of the 8th and 14th Amendments, but alleges a denial of privileges and immunities of a citizen, in violation of Article IV, § 2 of the U.S. Constitution.

**State of Arizona Not Subject to Suit** – Plaintiff has named the State of Arizona as a defendant. States are not persons for purposes of § 1983. *See Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 (1997). Moreover, to the extent that Plaintiff seeks monetary damages, the State of Arizona is immune from suit under the 11th Amendment. See *Hale v. State of Arizona*, 993 F.2d 1387, 1398 (9th Cir. 1993). Accordingly, the State of Arizona should be dismissed.

Plaintiff also attributes various actions to the Arizona Department of Corrections. A

---

[1] Reference is made by Plaintiff to "Akil's death." (Doc. 15 at 3.) No further reference to "Akil" has been located, and this appears to be some type of typographical error.

governmental agency that is an arm of the state is not a person for purposes of § 1983. *See Howlett v. Rose*, 496 U.S. 356, 365 (1990). The Arizona Department of Corrections is an arm of the State. See *Hale v. State of Arizona*, 993 F.2d 1387, 1398 (9th Cir. 1993). In any event, Plaintiff does not affirmatively name the Arizona Department of Corrections as a defendant, and the Clerk of the Court has not identified it as a defendant.

**Defendant Jane Doe Ryan** – Plaintiff names as a defendant Jane Doe Ryan, who his caption asserts is the wife of Defendant Director Charles L. Ryan. Plaintiff alleges that the actions of Defendant Ryan were performed for the benefit of his marital community, and that Defendant Jane Doe Ryan is named for the purpose of attaching the marital community.

**Failure to Train, Policy, Custom and Usage** – In Count I Plaintiff asserts claims against Defendant Director Ryan for failure to provide adequate training for employees of the Arizona Department of Corrections, and adopted or allowed to persist policies, customs or practices which resulted in Plaintiff's injuries. Plaintiff's original complaint against Defendant Director Ryan was based upon the absence of *respondeat superior* liability, and noted that Ryan could only be liable on allegations of "facts to support that Ryan was directly involved in any constitutional violation or facts to support that Plaintiff's constitutional rights were violated pursuant to a policy, custom, or practice promulgated or endorsed by Ryan." (Order 4/27/12 at 14.) Plaintiff now includes those allegations and adequately states a claim against Defendant Director Ryan for deliberate indifference to Plaintiff's safety. Defendant Director Ryan will be required to answer Count I.

**Deliberate Indifference to Harm** – In Count II, Plaintiff incorporates his earlier allegations, and alleges that each of the Defendants was deliberately indifferent to Plaintiff's needs for safety.

As to Defendant Director Ryan, to the extent that Plaintiff simply relies upon the failures which are the subject of Count I, this count is duplicative. Plaintiff's allegations do not otherwise show deliberate indifference upon the part of Defendant Director Ryan. Accordingly, no response from Ryan will be required as to Count II.

As to Defendant Elliott, Plaintiff alleges that she was "an official with MTC [ADOC's

contractor], who was charged as decision maker and policymaker with respect to the events alleged herein and with supervisory authority and control over the events alleged herein." Plaintiff repeats his complaints about the correspondence between Elliott and Plaintiff's mother, which was found in adequate to state a claim upon screening of the original Complaint.

Plaintiff adds an allegation that:

> Defendants had (prior to the issues alleged herein) been made aware through numerous studies of problems with and serious threats to inmates['] safety and security in the Kingman prison, but failed to appropriately act upon that information or correct known issues or make the facility safe for inmates.

(1st Amend. Compl, Doc. 15 at 5.)  The undersigned construes this to refer to Defendant Elliott as well.

As to Defendant Polland, Plaintiff continues to allege that Defendant Polland "had ordered the guars to stand down and not to intervene in any way."

As to the various fictitious defendants, Plaintiff alleges they "allowed, caused, and/or contributed" to the Plaintiff's injuries and were acting under color of state law.

Plaintiff now adequately states claims for deliberate indifference to Plaintiff's need for safety as to Defendants Elliott, Polland, and the fictitious defendants.

**Fictitious Defendants** – Plaintiff has named various Defendants with fictitious names.

> As a general rule, the use of "John Doe" to identify a defendant is not favored. However, situations arise, such as the present, where the identity of alleged defendants will not be known prior to the filing of a complaint. In such circumstances, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds.

*Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980).  Here, it appears that Plaintiff may, through discovery, determine the identities of these defendants.  Accordingly, they need not be dismissed at this juncture.  However, as a practical matter, the Court cannot order service on unidentified persons.  At such time as Plaintiff discovers the true identities of these defendants, he may seek to amend, pursuant to Fed. R. Civ. P.  15(a) and (c), to name them and request service on them, within the time limits for amendments established by rule or scheduling order.

**Denial of Privileges and Immunities** – Plaintiff incorporates in his allegations claims that the conduct of Defendants violated his rights under Article IV, § 2 of the Constitution. Plaintiff does not offer any allegations to support such a claim, beyond the specific constitutional violations subsumed within his deliberate indifference claims.

Moreover, the purpose of the privileges and immunities clause in Article IV is not to protect citizens from their own state, but to insure that citizens of other states are afforded the same rights. *See DeFeo v. Sill*, 810 F. Supp. 648 (E.D.Pa. 1993). Plaintiff does not allege that he is not a citizen of Arizona.

Plaintiff fails to make out a separate claim under the privileges and immunities clause.

**Service of Original Complaint** – Service of the original Complaint has been ordered. In light of this amendment, that service should be stayed, and the service of the First Amended Complaint be ordered.

**IT IS THEREFORE RECOMMENDED** that pursuant to 28 U.S.C. § 1915(e), that Defendant State of Arizona and Plaintiff's claims under the Privileges and Immunities Clause be **DISMISSED**.

**IT IS FURTHER RECOMMENDED** that service of Plaintiff's original Complaint (Doc. 1) be **STAYED**.

**IT IS FURTHER RECOMMENDED** that Defendant Director Ryan be ordered to respond to Count I of the First Amended Complaint, and that Defendants Deputy Warden Polland and Complex Administrator Elliott be ordered to respond to Count II of the First Amended Complaint.

**IT IS FURTHER RECOMMENDED** that service on Defendants Director Ryan, Deputy Warden Polland, and Complex Administrator Elliott proceed as follows:

(1) The Clerk of the Court shall send Plaintiff a service packet including both summons and request for waiver forms for said Defendants.

(2) Plaintiff shall complete and return the service packet to the Clerk of the Court within twenty-one (21) days of the date of the filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(3) The United States Marshal shall retain the Summons, a copy of the First Amended Complaint, and a copy of this Order for future use.

(4) The United States Marshal shall notify said Defendants of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure.  The notice to said Defendant shall include a copy of this Order.  The Marshal shall file waivers of service of the summons or requests for waivers that were returned as undeliverable as soon as they are received.  If a waiver of service of summons is not returned by any such Defendant within thirty days from the date the request for waiver was sent by the Marshal, the Marshal shall:

   (a) Personally serve copies of the Summons, First Amended Complaint and this Order upon such Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure.

   (b) Within ten days after personal service is effected, file the return of service for the Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon the Defendant.  The costs of service shall be enumerated on the return of service form (USM-285) and shall include the costs incurred by the Marshal for photocopying additional copies of the Summons, First Amended Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required.  Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) and (5) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(5) **Defendants who agree to waive service of the Summons and First Amended Complaint shall return signed waiver forms to the United State Marshal, and not to Plaintiff.**

(6) Said Defendant(s) shall answer the First Amended Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(7) Any answer or responsive pleading shall state the specific Defendant(s) by

name on whose behalf it is filed.  The Court may strike any answer, responsive pleading, or other motion or paper that does not identify the specific Defendant(s) by name on whose behalf it is filed.

**EFFECT OF RECOMMENDATION**

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to *Rule 4(a)(1), Federal Rules of Appellate Procedure*, should not be filed until entry of the district court's judgment.

However, pursuant to *Rule 72, Federal Rules of Civil Procedure,* the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court.  Thereafter, the parties have fourteen (14) days within which to file a response to the objections.  Failure to timely file objections to any findings or recommendations of the Magistrate Judge will be considered a waiver of a party's right to *de novo* consideration of the issues,  *see United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*),  and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the recommendation of the Magistrate Judge, *Robbins v. Carey*, 481 F.3d 1143, 1146-47 (9th Cir. 2007).

Dated: May 23, 2012

James F. Metcalf
United States Magistrate Judge

11-8153r RR 12 05 22 re Screen Amended Complaint.docx