IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Dante Shon Gordon, | ) | |
| Plaintiff, | ) | No. CIV 11-8153-PHX-RCB(JFM) |
| vs. | ) | O R D E R |
| Charles L. Ryan, *et al.* | ) | |
| Defendants. | ) | |

Presently before the court is a Report and Recommendation ("R & R") filed with this court by the Honorable James F. Metcalf, United States Magistrate Judge), wherein he makes four recommendations with respect to plaintiff's First Amended Complaint ("FAC"). First, pursuant to 28 U.S.C. § 1915(e), he recommends dismissal of the State of Arizona as a defendant, as well as dismissal of plaintiff's claims based upon the Privileges and Immunities Clause of the United States Constitution. R & R (Doc. 16) at 7:13-15. Second, the Magistrate Judge recommends staying service of plaintiff's original complaint. Id. at 7:16-17. Third, the Magistrate Judge recommends "that Defendant Director Ryan be

ordered to respond to Count I of the [FAC], and that Defendants Deputy Warden Polland and Complex Administrator Elliott be ordered to respond to Count II of the [FAC]." Id. at 7:18-21.  Fourth, he recommends "that service on Defendants Director Ryan, Deputy Warden Polland, and Complex Administrator Elliott proceed" as detailed in that R & R. See id. at 7:22-9:3.

On May 23, 2012, this R & R was filed and served upon the parties. The R & R explicitly advised the parties that, pursuant to Fed.R.Civ.P. 72, they "shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court." Id. at 9:9-11.  None of the parties have filed objections to that R & R, and the fourteen day time frame for so doing has passed.[1]

When reviewing an R & R issued by a Magistrate Judge, this court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). "Of course, de novo review of a R & R is only required when an objection is made to the R & R[.]" Wang v. Masaitis, 416 F.3d 992, 1000 n. 13 (9th Cir. 2005) (citing United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*)). That is because "[n]either the Constitution nor the [Federal Magistrates Act] requires a district judge to review, de novo, findings and

---

[1] Calculating the time in accordance with Fed.R.Civ.P. 6, including allowing three extra days for service in accordance with subsection (d) of that Rule, means that the parties had until June 11, 2012 by which to timely file any objections.

-2-

recommendations that the parties themselves accept as correct." Reyna-Tapia, 328 F.3d at 1121 (citations omitted). Indeed, construing the Federal Magistrates Act, the Supreme Court has found that that "statute does *not* on its face *require any review at all*, by either the district court or the court of appeals, *of any issue that is not the subject of an objection*." Thomas v. Arn, 474 U.S. 140, 149, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985) (emphasis added).

Consistent with the foregoing authority, and no objections having been filed by any party thereto, the court has not engaged in a de novo review; and instead, the court having "satisf[ied] itself that there is no clear error on the face of the record[,]" hereby ACCEPTS, ADOPTS AND INCORPORATES BY REFERENCE in its entirety, as if fully set forth herein, the Magistrate Judge's Report and Recommendation (Doc. 16).  See FED.R.CIV.P. 72, Advisory Committee Notes, 1983 Addition.

DATED this 2nd day of July, 2012.

_____
Robert C. Broomfield
Senior United States District Judge

Copies to counsel of record and plaintiff *pro se*