**WO**

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

Dante Shon Gordon,                )     No. CV 11-8153-PCT-RCB (FJM)
                                   )
            Plaintiff,             )     **O R D E R**
                                   )
vs.                                )
                                   )
Charles L. Ryan, et al.,           )
                                   )
            Defendants.            )
                                   )
_____)

Plaintiff Dante Shon Gordon filed this civil rights action under 42 U.S.C. § 1983 against Arizona Department of Corrections (ADC) Director Charles Ryan, Deputy Warden Pollard, Complex Administrator Elliott, and various John Doe Defendants (Doc. 15).[1] Before the Court is Defendant Ryan's Motion to Dismiss Count I (Doc. 18). Plaintiff did not respond to the motion.

The Court will grant the Motion to Dismiss.

## I.    Background

Plaintiff's claims stem from his confinement at ADC's facility in Kingman, Arizona, which is operated by Management Training Corporation (Doc. 15 at 2). Plaintiff claimed that on May 31, 2010, he, along with 25 other African-American inmates, were attacked by 80-100 White inmates. Additionally, four MTC officers in full riot gear stood by and

---

[1] Upon screening, the Court dismissed the State of Arizona as a Defendant (Doc. 16 at 7). Plaintiff also named Ryan's wife for the purpose of attaching the marital community.

watched after Pollard ordered them not to intervene.  Plaintiff was seriously injured and he alleged that the rioting inmates were not disciplined.  Plaintiff claimed that Ryan failed to train prison officials, developed policies and customs that allowed the uninterrupted assaults, and was aware of the threats to inmates' safety at the prison, and was deliberately indifferent to that risk (Count I).  Plaintiff further alleged that Pollard and Elliott were deliberately indifferent to Plaintiff's safety during the assault (Count II).  Plaintiff sought monetary damages and an apology (id. at 8).

The Court found that Plaintiff's allegations stated a claim and directed Ryan to respond to Count I and Pollard and Elliott to respond to Count II.[2]  The Court did not order service on the Doe Defendants and informed Plaintiff that he could seek their true identities through the discovery process and move to amend his pleading to name the individuals (Doc. 16 at 7).  Ryan filed a Motion to Dismiss Count I (Doc. 18).

**II.   Motion to Dismiss**

Ryan moves for dismissal on the grounds that Plaintiff failed to exhaust his administrative remedies as required under the Prisoner Litigation Reform Act (PLRA), 42 U.S.C. 1997e(a), and Plaintiff fails to state a claim (id.).  In support of his motion, Defendant submits the declaration of Aurora Aguilar, an ADC Hearing Officer, which is supported by ADC Department Order (DO) 802, *Inmate Grievance System,* effective July 13, 2009 (Doc. 18, Ex. 1, Aguilar Decl., Attach. A).  Ryan also submits the declaration of Juliet Respicio-Moriarty, an employee at the ADC Health Services Bureau, which is supported by DO 802, and Director's Instruction (DI) 287 (id., Ex. 2, Respicio-Moriarty Decl., Attachs. A-B).

Aguilar declares that her duties include reviewing, investigating, and tracking non-medical grievance appeals (Aguilar Decl. ¶ 1).  DO 802 provides a five-step process to grieve an issue: (1) the inmate must first attempt to resolve an issue through informal means, such as discussion with staff; (2) if unsuccessful, the inmate must file an inmate letter; (3) if not satisfied with the inmate-letter response, he may file a formal grievance to the grievance

---

[2] The Court dismissed any claim arising from the Privileges and Immunities Clause for failure to state a claim (Doc. 16 at 7).

1    coordinator; (3) if not satisfied with the grievance coordinator's response, the inmate may
2    file a grievance appeal to the Warden; (4) the inmate may appeal the Warden's response to
3    the ADC Director, whose response is final (Doc. 18, Ex. 1, DO 802 §§ 802.02-802.05).
4    Aguilar and Respicio-Moriarty attest that they reviewed their grievance appeal logs;
5    however, there was no record that Plaintiff filed a final grievance appeal to the Director
6    concerning his allegations against Ryan regarding deliberate indifference or failure to train
7    (Aguilar Decl. ¶¶ 11-12; Respicio-Moriarty Decl. ¶¶ 9-10).

8         Ryan submits that based on this evidence, Plaintiff failed to exhaust his administrative
9    remedies for his failure to protect claim in Count I and it should therefore be dismissed
10   (Doc. 18 at 6-7).  Alternatively, Ryan contends that Plaintiff failed to allege a sufficient
11   connection between ADC's policies and any alleged constitutional violation (id. at 7-10).

12        The Court issued an Order notifying Plaintiff of his obligation to respond to Ryan's
13   motion (Doc. 19).  This Order informed Plaintiff that if Ryan's motion is granted by the
14   Court, Count I could be dismissed (id. at 1).  The Order also cited Local Rule of Civil
15   Procedure 7.2(i) in its entirety; this rule provides that a party's failure to respond to a motion
16   may be deemed a consent to the granting of the motion (id. at 2).  LRCiv 7.2(i).  Plaintiff was
17   given until August 17, 2012 to respond to the Motion to Dismiss (id.).

18        To date, Plaintiff has not filed a response, and the time for responding has expired.

19   **III.   Exhaustion**

20        **A.    Legal Standard**

21        Under the PLRA, a prisoner must exhaust available administrative remedies before
22   bringing a federal action concerning prison conditions.  See 42 U.S.C. § 1997e(a); Griffin
23   v. Arpaio, 557 F.3d 1117, 1119 (9th Cir. 2009).  Exhaustion is required for all suits about
24   prison life, Porter v. Nussle, 534 U.S. 516, 523 (2002), regardless of the type of relief offered
25   through the administrative process, Booth v. Churner, 532 U.S. 731, 741 (2001).  And a
26   prisoner must complete the administrative review process in accordance with the applicable
27   rules.  See Woodford v. Ngo, 548 U.S. 81, 92 (2006).

28        Exhaustion is an affirmative defense.  Jones v. Bock, 549 U.S. 199, 212 (2007).  Thus,

the defendant bears the burden of raising and proving the absence of exhaustion.  Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003).  Because exhaustion is a matter of abatement in an unenumerated Rule 12(b) motion, a court may look beyond the pleadings to decide disputed issues of fact.  Id. at 1119-20.  Further, a court has broad discretion as to the method to be used in resolving the factual dispute.  Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 369 (9th Cir. 1988) (quotation omitted).

### B.    Analysis

In his original pleading, Plaintiff indicates that administrative remedies were available for his claim and that he fully exhausted those remedies (Doc. 1 at 3).  But Plaintiff attached his grievance documents to his pleading, and they do not include a final appeal to the ADC Director (Doc. 1, Attachs.).

Here, the Court finds that Ryan submits evidence that a grievance system was available for Plaintiff's claim in Count I (Doc. 18, Ex. 1, Aguilar Decl. ¶¶ 3-6).  Further, Plaintiff's pleadings confirm that he did not fully exhaust the grievance procedure.  This does not constitute proper exhaustion.  See Woodford, 548 U.S. at 90 (proper exhaustion requires "using all steps that the agency holds out, and doing so properly").

Moreover, in failing to respond to Ryan's motion, Plaintiff did not refute evidence that a grievance system was available and he failed to fully avail himself of that system.  On this record, the Court finds that Ryan has met his burden to demonstrate nonexhaustion, and the Motion to Dismiss Count I will be granted.

### IV.   Lack of a Response

Alternately, the Court has the discretion under Local Rule of Civil Procedure 7.2(i) to grant Ryan's motion in light of Plaintiff's failure to respond.  As stated, Plaintiff was specifically warned of this possibility in an Order from the Court (Doc. 19).  Plaintiff was also previously warned that failure to comply with any of the Court's Orders could result in dismissal (Docs. 10, 14).

Failure to comply with a district court's local rule is a proper ground for dismissal. Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995).  But before dismissal on this basis, the

1  Court must weigh "(1) the public's interest in expeditious resolution of litigation; (2) the

2  court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public

3  policy favoring disposition of cases on their merits; and (5) the availability of less drastic

4  sanctions." Id. at 53 (quoting Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986)).

5  If the court does not consider these factors, the record may be reviewed independently on

6  appeal for abuse of discretion. Henderson, 779 F.2d at 1424.

7       Here, the first two factors favor dismissal. "[T]he public's interest in expeditious

8  resolution of litigation always favors dismissal," Yourish v. Cal. Amplifier, 191 F.3d 983,

9  990 (9th Cir. 1999), and the second factor favors dismissal in most cases. Wanderer v.

10  Johnston, 910 F.2d 652, 656 (9th Cir. 1990). In the instant case, the Court finds that the

11  public's interest in expeditiously resolving this litigation and the Court's interest in managing

12  the docket weigh in favor of dismissal. The third factor also favors dismissal. There is no

13  risk of prejudice to Ryan to grant the motion.

14       Public policy favors disposition of cases on their merits, so the fourth factor weighs

15  against dismissal. Pagtalunan v. Galaza, 291 F.3d 639, 643 (9th Cir. 2002).

16       The final factor requires the Court to consider the availability of less drastic sanctions.

17  Plaintiff was given ample time to respond to Ryan's Motion to Dismiss. The Court explicitly

18  warned Plaintiff that failure to respond could result in the granting of the motion (Doc. 19).

19  Plaintiff nonetheless failed to respond or move for an extension. Thus, in weighing this last

20  factor, the Court finds that dismissal of Count I is an available and less drastic sanction in

21  this case.

22       In sum, the five-factor analysis supports dismissal of Count I for failure to respond

23  to the Motion to Dismiss. The Court's decision to grant the motion in these circumstances

24  is further supported by the fact that it is premised upon a local rule that expressly permits the

25  Court to summarily grant unopposed motions. Ghazali, 46 F.3d at 53 ("Only in rare cases

26  will we question the exercise of discretion in connection with the application of local rules"),

27  quoting United States v. Warren, 601 F.2d 471, 474 (9th Cir. 1979).

28       Ryan's Motion to Dismiss Count I will therefore be granted based on Plaintiff's

1   failure to respond.  See LRCiv 7.2(i).

2   **IT IS ORDERED:**

3       (1) The reference to the Magistrate Judge is **withdrawn** as to Defendant's Motion to

4   Dismiss (Doc. 18).

5       (2) Defendant's Motion to Dismiss (Doc. 18) is **granted**. Count I is dismissed without

6   prejudice for failure to exhaust; in the alternative, it is dismissed without prejudice pursuant

7   to Local Rule of Civil Procedure 7.2(i).

8       (3) Count II against Pollard and Elliott remains.

9       DATED this 28 day of August, 2012.

_____
Robert C. Broomfield
Senior United States District Judge