1  **WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Danté Shon Gordon | )<br>) |
| Plaintiff, | ) No. CIV 11-8153 PCT RCB (JFM)<br>) |
| vs. | ) O R D E R<br>) |
| Charles L. Ryan, *et al.* | )<br>) |
| Defendants. | ) |

Currently pending before the court is the Report and Recommendation of United States Magistrate Judge James F. Metcalf ("R & R") (Doc. 26), recommending that this action be dismissed without prejudice as to defendant Darla Elliot and defendant Pollard.[1]  As fully and soundly discussed in that

---

[1] During this litigation, there has been some confusion as to the name of this particular defendant.  The complaint's caption names "Robert Poland" as one of the defendants.  Co. (Doc. 1) at 1. The body of that complaint lists  "Robert Polland[,] . . . [,]Assistant Deputy Warden" as one of the defendants, however.  Id. at 2, § B(2).   Undoubtedly, this is the same person and plaintiff was uncertain as to the spelling of this particular defendant's name.
    Further confusing the issue as to the correct spelling of this defendant's name is the fact that in the first amended complaint ("FAC"), the caption lists "DEPUTY WARDEN POLLAND" as a defendant, but the FAC later refers to "Deputy Warden Pollard[.]" FAC (Doc. 15) at 1:15-16; 2:25.  Again,

1  R & R, the Magistrate Judge recommended dismissal pursuant to
2  Fed.R.Civ.P. 4(m) because "[p]laintiff . . . failed to show
3  good cause or excusable neglect to justify an extension of
4  time to complete service on the remaining Defendants." R & R
5  (Doc. 26) at 3:10-11.
6     The R & R was filed and served upon the parties on
7  November 7, 2012. The R & R explicitly advised the parties
8  that, pursuant to Fed.R.Civ.P. 72, they "shall have fourteen
9  (14) days from the date of service of a copy of this
10 recommendation within which to file specific written
11 objections with the Court." Id. at 3:20-22. None of the
12 parties have filed objections to that R & R, and the fourteen
13 day time frame for so doing has passed.[2]
14    When reviewing an R & R issued by a Magistrate Judge,
15 this court "may accept, reject, or modify, in whole or in
16 part, the findings or recommendations made by the magistrate
17 judge." 28 U.S.C. § 636(b)(1). "Of course, de novo review of
18 a R & R is only required when an objection is made to the
19 R & R[.]" Wang v. Masaitis, 416 F.3d 992, 1000 n. 13 (9th Cir.
20 2005) (citing United States v. Reyna-Tapia, 328 F.3d 1114,

---

presumably plaintiff is uncertain as to the exact spelling of this defendant's name. Regardless of the spelling, what is clear is that plaintiff intended to name as a defendant Robert Pollard, who was serving as the Assistant Deputy Warden at the Kingman Arizona State Prison, Cerbat Unit, during the relevant time frame.

[2] Calculating the time in accordance with Fed.R.Civ.P. 6, including allowing three extra days for service in accordance with subsection (d) of that Rule, means that the parties had until November 26, 2012, by which to timely file any objections.

-2-

1121 (9th Cir. 2003) (*en banc*)). That is because "[n]either the Constitution nor the [Federal Magistrates Act] requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct." <u>Reyna-Tapia</u>, 328 F.3d at 1121 (citations omitted). Indeed, construing the Federal Magistrates Act, the Supreme Court has found that that "statute does not on its face require any review at all, by either the district court or the court of appeals, of any issue that is not the subject of an objection." <u>Thomas v. Arn</u>, 474 U.S. 140, 149, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985). Consistent with the foregoing authority, the court has not conducted a *de novo* review of the pending R & R because the parties did not file any objections thereto.

Having reviewed the Magistrate Judge's R & R, and no objections having been filed by any party thereto, the court hereby incorporates and adopts the Magistrate Judge's Report and Recommendation in its entirety (Doc. 26). In accordance therewith, **IT IS ORDERED** that pursuant to Fed.R.Civ.P. 4(m), the claims as against defendants Darla Elliot and Robert Pollard are **DISMISSED WITHOUT PREJUDICE.**

DATED this 28th day of November, 2012.

_____
Robert C. Broomfield
Senior United States District Judge

Copies to counsel of record and plaintiff *pro se*

-3-